[No. 14693-2-II. Division Two. August 30, 1993.]

ARTHUR RUBIN, ET AL, *Appellants,* v. CENTURY 21 PETERMAN REAL ESTATE, INC., ET AL, *Defendants,* DEANE L. LEETHAM, *Respondent.*

*John D. Schumacher,* for appellants.

*Joan F. Trivison* and *Trivison Law Office,* for respondent.

MORGAN, J. — Arthur and Jennifer Rubin[1] appeal a summary judgment holding Deane Leetham not liable for negligent misrepresentation. We reverse and remand.

At the times pertinent to this case, two related but different entities were using the name Century 21. Century 21 Peterman Real Estate (Century 21 Peterman) was a company in the real estate business. Century 21 Mortgage Co. (Century 21 Mortgage) was a company in the mortgage business.

Deane Leetham was a self-employed independent appraiser. He was not employed by the Federal Housing Administration (FHA), but he was on a list of appraisers whose reports FHA would accept. He had spent 3 days in a federal training program for appraisers, and FHA may have monitored some of his work thereafter.

---

[1] Jennifer Rubin was previously known as Jennifer Hennessey.

In early 1988, Evelyn Miller was a salesperson for Century 21 Peterman. She was trying to sell a house located at 7108 Sunset Boulevard, Aberdeen, Washington. The house was then owned by people named McPherson.

Miller explained to the McPhersons that the sale of their home might be expedited if an FHA appraisal were obtained prior to a buyer being found. The McPhersons agreed and wrote a check to cover the appraisal fee. Miller sent the check to Century 21 Mortgage, asking that it retain an appraiser acceptable to the FHA. Century 21 Mortgage retained Leetham.

Leetham appraised the house and rendered his report on April 22, 1988. The report was prepared on a standard form entitled "Uniform Residential Appraisal Report". It said, among other things, that the house had a forced air heating system, fueled by gas, in average condition and of average adequacy.

Leetham sent his report to Century 21 Mortgage, which sent a copy on to Century 21 Peterman. There, Miller placed the report in the file relating to 7108 Sunset.

In April 1988, the Rubins were in the market for a house. They were being assisted by Norm Sprague, another salesperson with Century 21 Peterman. They saw 7108 Sunset advertised in the newspaper and went to look at it by themselves. After deciding they were interested, they called Sprague and looked at it a second time in his presence. On this second visit, Sprague gave them a copy of Leetham's report.

On April 30, 1988, the Rubins signed an earnest money agreement for the house. At closing, they may have reimbursed the McPhersons for Leetham's appraisal fee.

After the Rubins moved in, they discovered the furnace did not work and, in any event, could not be legally operated through the chimney to which it was connected.[2] They also discovered that the furnace and associated duct work contained asbestos tape. Ultimately, they replaced the furnace.

---

[2] The furnace was hooked up to the same fireplace and chimney that served a wood stove, and Rubins contend it was not legal to operate a furnace and a wood stove through the same chimney. Rubins also claim that the roof leaked and that the electrical system was defective.

About a year later, on May 23, 1989, the Rubins sued Leetham and others.[3] They alleged that Leetham had negligently misrepresented the condition of the home and violated the Consumer Protection Act (CPA).

The Rubins were required to submit their claim to arbitration, and the arbitrator dismissed it.[4] The Rubins then sought trial de novo in superior court. In October 1989, the Rubins and Leetham filed cross motions for summary judgment. The judge denied Rubins' motion and granted Leetham's. He also denied the reasonable attorney fees sought by Leetham.[5]

■ On appeal, the first issue is whether Leetham was clothed with federal immunity because he was employed by Century 21 Mortgage to do an appraisal that would be acceptable to the FHA. The federal government's sovereign immunity extends to its agencies and employees, but not to its independent contractors. *United States v. Orleans*, 425 U.S. 807, 814, 48 L. Ed. 2d 390, 96 S. Ct. 1971 (1976); *United States v. Neustadt*, 366 U.S. 696, 702, 6 L. Ed. 2d 614, 81 S. Ct. 1294 (1961); *Leone v. United States*, 910 F.2d 46, 48-49 (2d Cir. 1990); *Berghoff v. United States*, 737 F. Supp. 199, 201 (S.D. N.Y. 1989). Leetham was an independent contractor of Century 21 Mortgage. He had no relationship whatever with the federal government, not even as an independent contractor. It follows that he cannot claim sovereign immunity.

■ The second issue is whether Leetham owed a duty of care only to the FHA.[6] Without so holding, we assume that an appraiser who is an employee of the FHA has a duty of care only to the federal government. *Baker v. Surman*, 361

---

[3]On June 20, 1990, all parties other than Leetham settled for $3,750.

[4]The amount in dispute was less than $35,000. *See* RCW 7.06.020(1).

[5]Neither party has seen fit to provide us with a record showing why the trial court ruled as it did. At oral argument, both counsel asserted that the court had dismissed Rubins' claim because of Leetham's connection with the FHA.

[6]This issue is to be distinguished from the issue of whether Leetham owed a duty of care to the Rubins. Because both parties ask us not to, we express no opinion on whether Leetham owed a duty of care to the Rubins.

N.W.2d 108, 111 (Minn. Ct. App. 1985). Without so holding, we further assume that a fee appraiser hired by the FHA as an independent contractor owes no duty of care to a purchaser. *Gay v. Broder*, 109 Cal. App. 3d 66, 75, 167 Cal. Rptr. 123, 127 (1980). As we have already noted, however, Leetham had no contractual relationship with the FHA, not even as an independent contractor. Thus, even if these cases were persuasive, they would not apply. Leetham's duty of care is defined by the common law of this state, and that duty was not necessarily owed only to the FHA. *Cf. Barnes v. Cornerstone Invs., Inc.*, 54 Wn. App. 474, 477-78, 773 P.2d 884, *review denied*, 113 Wn.2d 1012 (1989).[7]

At oral argument, both parties expressly asked that we not consider Leetham's common law liability except as we have already done. Honoring that request, we leave the common law at this point.

Leetham claims the trial court erred by refusing to award him reasonable attorney fees. The only theory he advances is that Rubins committed a wrongful act that involved him in litigation with third parties. He cites and relies on *Armstrong Constr. Co. v. Thomson*, 64 Wn.2d 191, 390 P.2d 976 (1964), *Manning v. Loidhamer*, 13 Wn. App. 766, 538 P.2d 136, *review denied*, 86 Wn.2d 1001 (1975), and *Brock v. Tarrant*, 57 Wn. App. 562, 789 P.2d 112, *review denied*, 115 Wn.2d 1016 (1990). None of those cases applies here, and the trial court did not err.

Reversed and remanded for further proceedings. Leetham's claim for reasonable attorney fees on appeal is denied.

ALEXANDER, C.J., and PETRICH, J. Pro Tem., concur.

Reconsideration denied October 13, 1993.

---

[7]Cases from other jurisdictions, which may or may not be persuasive in Washington, include *Federal Sav. & Loan Ins. Corp. v. Texas Real Estate Counselors, Inc.*, 955 F.2d 261 (5th Cir. 1992); *Guildhall Ins. Co. v. Silberman*, 688 F. Supp. 910 (S.D.N.Y. 1988); *Larsen v. United Fed. Sav. & Loan Ass'n*, 300 N.W.2d 281 (Iowa 1981); *Hughes v. Holt*, 435 A.2d 687 (Vt. 1981).