[No. 36199.   Department One.   December 6, 1962.]

Douglas E. Wells *et al., Respondents,* v. Aetna Insurance
Company, *Appellant,* Bargain Spot, Inc.
*et al., Defendants.**

*Lycette, Diamond & Sylvester* and *Meade Emory,* for appellant.

*Woodrow L. Taylor,* for respondents.

Weaver, J.—Aetna Insurance Company, one of the defendants, appeals from an $800 judgment against it for attorney's fees.

May 4, 1959, plaintiff Wells purchased a second-hand automobile from Bargain Spot, Inc.  Plaintiff Cascade Federal

*Reported in 376 P. (2d) 644.

Credit Union provided a portion of the purchase price. The State License Department issued a certificate showing plaintiffs as registered and legal owners. Shortly thereafter the license department suspended the title upon discovery of an invalid release of interest in the automobile by defendant Patrick Vizzard, former registered owner, and defendant Hayden Mills & Associates, Inc., former legal owner.

At the time of plaintiff Wells' purchase, defendant Aetna Insurance Company was the surety on the motor vehicle dealer's license bond, required of Bargain Spot, Inc. pursuant to Laws of 1951, ch. 150, § 8.[1]

Plaintiffs commenced this action to quiet title to the automobile, or, in the alternative, for judgment of $2,654 upon the theory of rescission of the contract of purchase.

Hayden Mills & Associates, Inc. had purchased the contract of conditional sale arising from the purported sale of the automobile by Bargain Spot, Inc. to Patrick Vizzard. It cross-complained against several of the defendants, including Aetna Insurance Company, for $1,199.63.

The agreed statement of facts states that plaintiffs were required to defend an "interpleader action brought by the defendant, Aetna Insurance Company, against them and other defendants. . . ."[2]

Prior to trial, default was entered against Bargain Spot, Inc.

During trial, plaintiffs amended their pleadings, praying for the allowance of reasonable attorney's fees incurred by them.

The trial court found that the sale of the automobile by Bargain Spot, Inc. to Patrick Vizzard was fictitious and

---

[1] ". . . Any person who shall have suffered any *loss or damage* by reason of any act by a dealer which constitutes a violation of this chapter shall have the right to institute an action for recovery against such motor vehicle dealer and the surety upon such bond. . . ." Laws of 1951, ch. 150, § 8. This has been amended by Laws of 1959, ch. 166, § 19; Laws of 1961, ch. 12, § 46.70.070, and Laws of 1961, ch. 239, § 1; and appears as RCW 46.70.070. (Italics ours.)

[2] The agreed statement of facts does not contain a copy of the interpleader action.

that Hayden C. Mills either knew or should have known of the "double dealing" by Bargain Spot, Inc. The court quieted title to the automobile in plaintiffs against the claims of the other defendants and entered judgment for $800 attorney's fees against Bargain Spot, Inc. and defendant, Aetna Insurance Company.

The validity of the money judgment against Bargain Spot, Inc. is not before the court on this appeal.

The trial court based its allowance of attorney's fees upon the rationale of *Curtley v. Security Sav. Soc.*, 46 Wash. 50, 89 Pac. 180 (1907), *Longview School Dist. No. 112 v. Stubbs Elec. Co.*, 160 Wash. 465, 295 Pac. 186 (1931), and *Murphy v. Fidelity Abstract & Title Co.*, 114 Wash. 77, 194 Pac. 591 (1921).

■ These cases hold that when the natural and proximate consequences of a wrongful act by defendant involve plaintiff in litigation with others, there may, as a general rule, be a recovery of damages for the reasonable expenses incurred in the litigation, including compensation for attorney's fees.

Defendant cites the case of *Choukas v. Severyns*, 3 Wn. (2d) 71, 84, 99 P. (2d) 942 (1940) as applicable here. We distinguished the *Curtley* and *Murphy* cases, *supra*, stating:

". . . it should again be noted that the liability for the attorney's fees recovered was incurred in an action between the person claiming the fees and a party other than the one whose original wrongful act caused the litigation in which the attorney's fees had been paid." (p. 84)

Defendant urges that plaintiffs do not meet this test because the wrongful act of Bargain Spot, Inc. did not involve them in litigation with others; that there is only one lawsuit; hence, plaintiffs are only entitled to statutory costs. We do not agree.

■ It is the object and purpose of our liberal rules of joinder to encourage the adjudication of the rights and claims of all parties in one proceeding. Plaintiffs were required to defend their right to the automobile against the claim asserted in the cross-complaint of Hayden Mills &

Associates, Inc., as well as in the interpleader action of defendant. For this, they are entitled to reasonable attorney's fees. The fees are a loss occasioned by the action of the wrongdoer.

We believe it apparent from the history of RCW 46.70.070 (See footnote 1) that the surety on the bond of a "double-dealing" motor vehicle dealer is liable for the loss resulting from the perfidy of the principal, under the circumstances of the instant case.

The judgment is affirmed.

FINLEY, C. J., ROSELLINI, and OTT, JJ., concur.