RICHARD A. MANNING, *Individually, Plaintiff,* v. JOHN LOID-HAMER *et al, Respondents,* THE STATE OF WASHINGTON, *Appellant.*

LINDA R. SCHUSTER, *Individually and as Administrator, Plaintiff,* v. JOHN LOIDHAMER *et al, Respondents,* THE STATE OF WASHINGTON, *Appellant.*

ULM O'BRYAN *et al, Plaintiffs,* v. THE STATE OF WASHINGTON, *Appellant,* UNITED VAN LINES, INC., *et al, Respondents.*

*Slade Gorton, Attorney General,* and *Patrick W. Biggs, Assistant,* for appellant.

*Davies, Pearson, Anderson, Gadbow & Hayes, John Kouklis, Peters & Tracy, R. L. Peters,* and *F. Ross Burgess,* for respondents.

DENNEY, J.*—This is an appeal by the State of Washington from the dismissal of its cross claim for indemnity, including attorney's fees and costs.

Plaintiffs Manning, Schuster, O'Bryan, and Bullard brought actions for damages against defendants Loidhamer, doing business as United Transfer Company (hereinafter called United), David Goninan, driver of United's truck, Peter Kainz, driver of the family car of defendants Donald M. Kainz and wife, and the State of Washington. The case proceeded to trial against all defendants. After 5 days of trial, a settlement was effected between plaintiffs Manning and Schuster and all defendants, including the State. The trial continued on the claims of plaintiffs O'Bryan and Bullard, resulting in a verdict against defendants United, Goninan, its driver, and Kainz, but in favor of the State.

The State cross claimed against United and Kainz for indemnity, including attorney's fees and costs incurred in the litigation. This cross complaint was dismissed at the conclusion of all of the evidence on motion of defendants United and Kainz.

Defendants United and Goninan also filed a cross claim against the State and Kainz alleging that United sustained property damage and Goninan sustained personal injuries as a result of the negligence of the State in the construction and maintenance of the highway and the negligence of Kainz in suddenly entering an arterial highway and crowding the lane in which Goninan was driving the United truck. The State and Kainz denied negligence and alleged contributory negligence of defendants United and Goninan. These issues were submitted to the jury. The State and Kainz prevailed on the cross claim by virtue of the verdict of the jury finding United and Goninan to have been negligent, which was a proximate cause of the accident, thus making them contributorially negligent as to their claim against the State and Kainz.

*Judge Charles R. Denney is serving as a judge pro tempore of the Court of Appeals pursuant to Laws of 1973, ch. 114.

The case grew out of a tragic accident on August 21, 1972, near the intersection of Stone Road and SR 16, about 500 feet west of the Narrows Bridge in Pierce County. Defendant Kainz drove from Stone Road onto the outside lane of SR 16, which is a 4-lane highway. Kainz proceeded easterly on SR 16 for a short distance and then drove into the inside lane for eastbound traffic. Goninan was driving United's truck in an easterly direction on the inside lane of SR 16 on a downgrade at a high rate of speed considering the rainy weather condition. Upon observing the Kainz vehicle, Goninan applied his brakes, lost traction, and was not able to reduce his speed sufficiently to avoid what appeared to be an imminent collision. The outside tire of the rear wheels of the truck struck a C-curb[1] which had been erected and was maintained by the State between the two eastbound lanes and the two westbound lanes. As Goninan applied his brakes again, the truck skidded, crossed over the C-curbing, and immediately struck a Cadillac going west on one of the westbound lanes of SR 16. Plaintiffs O'Bryan, in whose automobile plaintiff Bullard was a passenger, were also traveling west on the westbound lanes and struck the truck when it turned on its side in front of the O'Bryan vehicle.

Both plaintiffs and defendants relied on the testimony of G. R. Cysewski, a professional engineer, to establish negligence of the State. He opined that the C-curbing was improperly constructed in that it permitted the wheels of the vehicle which had crossed the C-curbing to be caught in such a way as to interfere with the driver in controlling the vehicle. Mr. Cysewski also expressed the opinion that some form of nontraversable barrier should have been erected between the eastbound and westbound lanes of travel at

---

[1]C-curbing is a concrete rail made of links about a foot wide and approximately 8 inches high, which are anchored in the highway. Such C-curbing is constructed by placing one rounded piece anchored alternately with six anchored pointed pieces, thus resulting in intermittent bars of concrete which fade into the base of the curb structure.

the point where the accident occurred. The alleged negligence of the State in these two respects was submitted to the jury with the result that the jury absolved the State of any negligence proximately causing the accident.

The State appeals from the decision of the trial court in dismissing the State's cross claim. We affirm.

■ It is the general rule in this state that attorney's fees are not ordinarily recoverable except pursuant to statute, contractual obligation, or some well-recognized principle of equity. *State ex rel. Macri v. Bremerton*, 8 Wn.2d 93, 111 P.2d 612 (1941); 20 Am. Jur. 2d *Costs* § 72, at 58 (1965).

■ It is equally well settled that when the natural and proximate consequences of a wrongful act of defendant involve plaintiff in litigation with others, there may as a general rule be a recovery of damages for reasonable expenses incurred in the litigation, including attorney's fees. The original suit generating the expenses must be instituted by a third party not connected with the original transaction. *Armstrong Constr. Co. v. Thomson*, 64 Wn.2d 191, 195, 390 P.2d 976 (1964). The wrongful act which involves the plaintiff in litigation may arise ex contractu or ex delicto. In the case at bench, the State is the plaintiff on its cross claim, United and Kainz are the defendants, and O'Bryan and Bullard are the third parties.

Three elements are necessary to create liability: (1) a wrongful act or omission by A toward B; (2) such act or omission exposes or involves B in litigation with C; and (3) C was not connected with the initial transaction or event, *viz.*, the wrongful act or omission of A toward B. The Washington decisions discussing this rule do not clearly state that the original act or omission of A must be against B, but such is clearly implied. All of the Washington cases allowing expenses of litigation to be recovered as consequential damages involve a breach of duty by A which exposed B to litigation with C, a third person who was a stranger to the event involving A and B.

*Curtley v. Security Sav. Soc'y,* 46 Wash. 50, 89 P. 180 (1907), permitted recovery of attorney's fees incurred in defending an action for breach of a building contract which was naturally and proximately caused by the failure of title on the land on which the building was to be built. The failure of title was caused by the false representations of the seller of the land to the purchaser, who contracted for construction of the building. The prior wrongful act of the seller toward the purchaser exposed the purchaser to liability on the construction contract.

*Murphy v. Fidelity Abstract & Title Co.,* 114 Wash. 77, 88, 194 P. 591 (1921), involved damages by way of attorney's fees incurred in defending a quiet title action which was naturally and proximately caused by the negligence of the title company in preparing an abstract on the title of the land. The previous breach of duty of the abstract company toward the customer involved the customer in litigation with a third person involving title to the property.

In *Longview School Dist. 112 v. Stubbs Elec. Co.,* 160 Wash. 465, 295 P. 186 (1931), the Supreme Court held that when a school district wrongfully paid out a portion of the 15 percent reserve fund required by a contract and bond for protection of claims against the contractor, the district was liable for the surety's cost and attorney's fees in defending litigation that followed with others as a result of the school district's prior breach of duty.

In *Wells v. Aetna Ins. Co.,* 60 Wn.2d 880, 376 P.2d 644 (1962), the double-dealing of a secondhand automobile dealer in the sale of an automobile required the purchaser of the vehicle to later defend his title against various defendants who also claimed some interest in the vehicle.

In *Sigman v. Stevens-Norton, Inc.,* 70 Wn.2d 915, 425 P.2d 891 (1967), the false representations of the defendant necessitated employment of an attorney by the plaintiff to investigate defendant's transactions with other parties. The cost of legal advice to determine whether or not a defense should be made to the claims of third parties was the

natural and proximate outgrowth of the original breach of duty by defendant toward plaintiff.

The State relies upon *Vincent v. Parkland Light & Power Co.*, 5 Wn. App. 684, 491 P.2d 692 (1971), in which Vincent, the plaintiff, an employee of Pacific Lutheran University, alleged he was injured by an uninsulated wire installed by Parkland Light & Power Company in a building used and maintained by Pacific Lutheran University. A jury absolved both of liability. A cross complaint by Pacific Lutheran University against Parkland Light & Power Company for expenses of litigation, including attorney's fees, was submitted to the court which found Parkland Light & Power Company actively negligent and Pacific Lutheran University not negligent. Pacific Lutheran University was awarded a judgment against Parkland Light & Power Company for the costs of litigation, including attorney's fees. The Court of Appeals affirmed, holding that the prior and original wrongful act of Parkland Light & Power Company subjected Pacific Lutheran University to expenses of litigation and that the original suit generating the expense was instituted by Vincent, a third party not connected with the negligent installation of the uninsulated wire.

The State places heavy reliance upon *Koch v. Seattle*, 9 Wn. App. 580, 513 P.2d 573 (1973), in which the plaintiff sued the City of Seattle and the Ford Motor Company for damages alleged to have been caused by the negligent operation of a Ford truck by the City and a defect in the universal joint of the Ford truck. Seattle cross claimed against Ford to recover for any judgment against the City and also for expenses of litigation, including attorney's fees. The trial court found that the City was not negligent and that the defect in the universal joint of the truck manufactured by Ford was the sole proximate cause of the injury to plaintiff. The trial court rendered judgment against Ford for the damages suffered by the plaintiff. The trial court also found that Seattle had incurred expenses and attorney's fees of $2,062.90, but refused to enter judgment

against Ford on the City's cross complaint. The Court of Appeals reversed and held that the City should recover its costs and attorney's fees under the principles announced in *Vincent*. Ford's breach of duty in selling a defective vehicle to the City of Seattle was the previous wrongful act which involved the City in litigation with the plaintiff, who was a stranger to the contract of sale between Ford and the City.

22 Am. Jur. 2d *Damages* § 166 (1965) states the general rule at page 235:

It is generally held that where the wrongful act of the defendant has involved the plaintiff in litigation with others or placed him in such relation with others as makes it necessary to incur expense to protect his interest, such costs and expenses, including attorneys' fees, should be treated as the legal consequences of the original wrongful act and may be recovered as damages. In order to recover attorneys' fees under this principle, the plaintiff must show: (1) that the plaintiff had become involved in a legal dispute either because of a breach of contract by the defendant or because of defendant's tortious conduct; (2) that the dispute was with a third party—not with the defendant; and (3) that the plaintiff incurred attorneys' fees connected with that dispute.

(Footnotes omitted.)

In the case at bench, no prior duty existed between United or Kainz to the State of Washington, nor did United or Kainz commit a wrong against the State. The parties found themselves in litigation by the accidental occurrence of events growing out of acts of negligence alleged to have been committed by each. The State was involved as a defendant because of the erection and maintenance of an allegedly dangerous curb and failure to erect a stronger barrier. All defendants, including the State, were participants in the events which gave rise to the litigation.

*Armstrong Constr. Co. v. Thomson,* 64 Wn.2d 191, 195, 390 P.2d 976 (1964), discussed this principle. It involved a construction contract in which the owner, contractor and architect were parties. The contractor brought the action to

foreclose a lien against the owner for work performed and materials furnished in the early phases of the construction of a house. The owner joined the architect as a third party defendant. The trial court awarded the contractor a small judgment and foreclosure of the lien, and gave the owner a judgment for a substantial sum against the architect which included the amount the contractor recovered on the lien foreclosure. The owner also recovered judgment for the fee which he had advanced to the architect. The construction had been stopped by the county when it was discovered that the house was not being constructed in accordance with the zoning code. The architect was found to be at fault in not following that code. The trial court denied the owner any recovery against the architect for costs, including attorney's fees, in defending against the action of the contractor. In affirming, the Supreme Court said:

> In those actions, where the acts or omissions of a party to an agreement or event have exposed one to litigation by third persons—that is, to suit by persons not connected with the initial transaction or event—the allowance of attorney's fees may be a proper element of consequential damages. . . .
> The fulcrum upon which the rule balances, then, is whether the action, for which attorney's fees are claimed as consequential damages, is brought or defended by third persons—that is, persons not privy to the contract, agreement or *events* through which the litigation arises. In the instant case, both the builder and the architect were privy to the construction contract; therefore, neither could be classified as third persons and the trial court properly excluded the owner's claim for attorney's fees reasonably incurred in defending the builder's lien foreclosure action.

(Italics ours.) *Armstrong Constr. Co. v. Thomson, supra* at 195-96. As in *Armstrong*, the State was privy to the events "through which the litigation" arose. *Armstrong* involved a contract but the principle also applies to tort actions.

■ The State emphasizes that the jury absolved it of negligence. This fact is not the determining consideration

in allowing attorney's fees as damage by one defendant against another. If it were, every defendant found not negligent could recover attorney's fees against another defendant who was found negligent. We have been cited to no case which goes that far.

■ As an alternate ground for denying attorney's fees, the record indicates that United and Goninan, its driver, filed a cross claim against the State alleging that the State was negligent in the construction and maintenance of the C-curb and in failing to construct a heavier barrier between the eastbound and westbound lanes of travel. This issue was submitted to the jury and was resolved in favor of the State. If United and Goninan had sued the State in another action for property damage and personal injury, based upon the same alleged acts of negligence, and had failed to recover as they did in the case at bench, the State could not be awarded attorney's fees beyond those authorized by statute. It would appear that the State was subjected to the same costs and attorney's fees in defending against the claim of O'Bryan and Bullard as in defending against the cross claim of United and Goninan. For this reason, if no other, the State cannot prevail on its cross claim for expense of attorney's fees and other costs of litigation.[2]

Judgment affirmed.

CALLOW and ANDERSEN, JJ., concur.

Petition for rehearing denied August 26, 1975.

Review denied by Supreme Court October 21, 1975.

---

[2]An argument could be made that the involvement of the State in litigation with O'Bryan and Bullard was not the natural and proximate consequence of the negligence of United and Kainz. *See generally* 22 Am. Jur. 2d *Damages* § 166, at 236 (1965). However, because of our resolution of this case, we need not discuss this issue.