[No. 53290–7.   En Banc.   July 2, 1987.]

JOE D. BARNETT, ET AL, *Respondents,* v. BUCHAN
BAKING COMPANY, *Respondent,* HOWARD JONES,
ET AL, *Petitioners.*

*William B. Christie,* for petitioners.

*Smythe & Van Siclen, P.S., Inc.,* by *Robert C. Van
Siclen,* for respondents Barnett.

*Montgomery, Purdue, Blankinship & Austin, Jerry W.*

*Spoonemore,* and *Peggy C. Hughes,* for respondent Buchan Baking Co.

BRACHTENBACH, J.—This case involves an option to purchase contained in a lease, and liability for contractual or consequential attorney fees. The Court of Appeals held that plaintiff had validly exercised the option and awarded attorney fees and allocated responsibility therefor. *Barnett v. Buchan Baking Co.,* 45 Wn. App. 152, 724 P.2d 1077 (1986). We affirm the Court of Appeals, but base the awards of attorney fees upon different principles.

Defendant Buchan Baking Company (lessor) leased commercial property to plaintiff Barnett and to the additional defendant and counterclaimant Jones, naming them as "lessee." The lease granted lessee an option to purchase during a particular time period. In connection with a later sale by Barnett to Jones of Barnetts' partnership interest, including an assignment of his leasehold interest, the parties designated which party could exercise the option and during what period of time it could be exercised. In essence Jones had the sole right to exercise the purchase option during the first 50 months of its existence. If not exercised by Jones, Barnett had the sole right to exercise it during the last 4 months. The lease provided that the lessee shall not assign the lease or any part without the written consent of the lessor. Lessor did not consent to the Barnett–Jones lease assignment.

Jones later sold to Timco–Erickson the business conducted on the leased premises, including assignment, with lessor's consent, of the leasehold interest. According to an agreement between Jones and Timco–Erickson, Jones retained the right to exercise the purchase option during the last 6 months of the option.

Timco–Erickson thereafter secured a 1–year extension of the time in which to exercise the option. An extension letter from lessor stated, *inter alia*: "We understand that said Lease has been assigned to T. M. Erickson with Jones etal retaining some secondary rights for option to purchase pro-

vision." Plaintiff's exhibit 5. As part of the agreement to extend the option period, a proviso allowed lessor to require Timco–Erickson to purchase a different property and then exchange it for the leased premises.

Barnett gave notice of exercise of the option on March 1, 1982, *i.e.,* within the original option period and within the 4–month period during which he had sole right under his agreement with Jones; lessor refused to sell to Barnett without acquiescence of Jones and Timco–Erickson; both refused.

Barnett sued lessor for specific performance. Lessor tendered the defense to Jones who undertook lessor's defense. Later Jones counterclaimed against Barnett for tortious interference with Jones' claimed exercise of the option, and cross–claimed against lessor for specific performance. Jones' attempted exercise of the option was made after the original option time, but during the extension period.

The trial court held that since lessor had not consented to the Barnett–Jones assignment neither Barnett nor Jones could alone exercise the option. Therefore, there was no valid exercise of the option, which had expired by the time of trial. Both claims for specific performance were dismissed as was Jones' tortious interference claim. Attorney fees were awarded lessor against lessee, Barnett and Jones.

The Court of Appeals reversed, holding that Barnett was entitled to specific performance and awarding attorney fees as discussed hereafter. *Barnett v. Buchan Baking Co.,* 45 Wn. App. 152, 724 P.2d 1077 (1986).

By written agreement the lessee, Barnett and Jones, divided between themselves the right to exercise the option to purchase. For a specified period Jones had the exclusive right to exercise it; for the last 4 months Barnett had the exclusive right. Jones contends that his right was senior and Barnett's potential right was divestible. This is his fundamental error in analysis. Barnett's right to exercise was fixed; when Jones' exclusive right expired by the passage of time, Barnett had the exclusive right. Only by a valid exercise during the time allocated to him could Jones

have defeated Barnett's contractual right. There was nothing senior about Jones' right; Barnett's interest was divestible only in the sense that it could become nonexistent, and it would become so only if Jones exercised his right during the original time period. Absent a valid modification of Barnett's contractual right, or estoppel, Barnett's right was his alone during the 4-month period granted to him by the Barnett–Jones agreement.

On the issues of (1) necessity of consent by lessor to the Barnett–Jones assignment, (2) estoppel, and (3) the effect of the extension of the option, we agree with the analysis and holding of the Court of Appeals. We adopt the opinion on those points and agree that Barnett validly exercised the option. The dismissal of Jones' tortious interference claim was not raised in the petition for review so it is not before us.

We disagree with the rationale of the Court of Appeals as to attorney fees.

We agree with the Court of Appeals that Barnett is entitled, under the lease, to attorney fees at trial to be assessed against lessor. Failure to comply with RAP 18.1(b), (c) and (d) precluded an award in the Court of Appeals. Barnett has complied with RAP 18.1 in this court and is entitled to fees here.

Relying solely upon *North Pac. Plywood, Inc. v. Access Rd. Builders, Inc.*, 29 Wn. App. 228, 628 P.2d 482, *review denied*, 96 Wn.2d 1002 (1981), the Court of Appeals awarded lessor, as consequential damages assessed against Jones, both lessor's attorney fees and reimbursement for fees awarded Barnett.

■ The Washington general rule is that attorney fees will not be awarded to the prevailing party unless authorized by contract, by statute, or in certain equitable actions. *Haner v. Quincy Farm Chems., Inc.*, 97 Wn.2d 753, 757, 649 P.2d 828 (1982). An exception to this general rule permits the award of attorney fees as consequential damages. *Wells v. Aetna Ins. Co.*, 60 Wn.2d 880, 376 P.2d 644 (1962) and *Armstrong Constr. Co. v. Thomson*, 64 Wn.2d 191, 390

P.2d 976 (1964) dealt with the consequential damages concept. In *Manning v. Loidhamer,* 13 Wn. App. 766, 769, 538 P.2d 136, *review denied,* 86 Wn.2d 1001 (1975), the Court of Appeals formulated three requirements for application of the consequential damages exception. We used that formula in *Haner v. Quincy Farm Chems., Inc., supra.* In *North Pac. Plywood, Inc. v. Access Rd. Builders, Inc., supra,* the court was concerned with only one element of the *Manning* formula, *i.e.,* that the one seeking attorney fees as consequential damage was not connected with the original transaction. Because all litigants here were parties to the original transaction and all acts were connected therewith, this requirement of the consequential damages exception is not met and the *North Pac. Plywood* analysis is not applicable.

However, the language of the lease is sufficiently broad to impose liability on Jones for attorney fees. The purchase option is an integral part of that lease. The competing attempts by Barnett and Jones to exercise the option arose from its terms. This entire dispute arose because of the parties varying interpretations of the documents at issue.

The lease provided in relevant part: "[i]f Lessee shall bring *any* action for *any* relief against Lessor, . . . *arising out of this Lease* and Lessor shall prevail . . . Lessee shall pay Lessor a reasonable attorney's fee and all costs and expenses expended or *incurred* by Lessor *in connection with* such . . . action". (Italics ours.) Plaintiff's exhibit 1, at 8–9.

Lessor prevailed against Jones on Jones' cross claim for specific performance and is therefore entitled to its attorney fees. Lessor is also entitled to reimbursement for fees awarded to Barnett, because those fees were expenses incurred by lessor in connection with the action in which Jones intervened and assumed the risk of being the responsible party, and in which Jones' competing claim in a major sense contributed to the costs of litigation.

In summary, Barnett is entitled to specific performance. The accounting on remand as directed by the Court of

Appeals is correct. Barnett is entitled to attorney fees in the trial court and in this court, but not in the Court of Appeals. Lessor Buchan is entitled to attorney fees in its own right at trial incurred in defending Jones' action against it and in the Court of Appeals, but not in this court because it did not petition for review of the Court of Appeals decision. In addition Jones is responsible to Buchan for the fees awarded against Buchan in favor of Barnett.

The trial court is reversed; the Court of Appeals is affirmed. The matter shall be remanded for an accounting between lessor Buchan and Barnett and for determination of attorney fees as herein provided.

PEARSON, C.J., and UTTER, DOLLIVER, DORE, ANDERSEN, CALLOW, GOODLOE, and DURHAM, JJ., concur.

Reconsideration denied September 4, 1987.