[No. 11636–7–II. Division Two. August 9, 1990.]

RICHARD MORGAN, ET AL, *Respondents*, v. JOSEPH ROLLER, ET AL, *Petitioners*.

*Thomas W. Top* and *Lane Powell Moss & Miller,* for petitioners.

*Thomas M. Fitzpatrick, Philip A. Talmadge,* and *Talmadge Friedman & Cutler,* for respondents.

PETRICH, J.—This court granted discretionary review of a partial summary judgment entered on cross motions for summary judgment. The trial court ruled that a lawyer who prepared a will and durable powers of attorney for a decedent owed a duty to a beneficiary to disclose the lawyer's belief, arrived at some time after the documents were executed, that the decedent was incompetent.

We reverse.

Richard Morgan, a beneficiary under the will of Fairy Ann Wright, initiated a malpractice action against Joseph Roller, the lawyer who prepared a will and durable powers of attorney for the decedent. He sought reimbursement for attorney fees and costs incurred in his successful defense of a will contest and challenge to the durable powers of attorney. Morgan's theory of recovery was that Roller breached his duty to him, as a beneficiary under the will, to disclose his view, based on personal observations made some months after the documents were executed, that Fairy Ann

Wright lacked testamentary capacity at the time she executed them.[1] Had Roller made a timely disclosure of his views, Morgan contends there would have been adequate time during Fairy Ann Wright's remaining life to either marshal persuasive medical evidence to establish her competency at the time the will and durable powers of attorney were signed, or else to allow the execution of a similar will and durable power of attorney during one of the occasional lucid intervals she experienced during her remaining life. Thus, he contends the will contest and its attendant costs and expenses could have been avoided.

In review of a summary judgment, the appellate court places itself in the same position as the trial court. *Del Guzzi Constr. Co. v. Global Northwest Ltd.*, 105 Wn.2d 878, 882, 719 P.2d 120 (1986). Summary judgment is appropriate when the moving party is entitled to judgment as a matter of law. *Hartley v. State*, 103 Wn.2d 768, 774, 698 P.2d 77 (1985).

■ The sole issue on appeal is entitlement to attorney fees incurred by Morgan in his successful defense to the will contest and the challenge to the durable powers of attorney. The general rule in this state is that attorney fees are not to be awarded unless authorized by contract, by statute, or in certain equitable actions. *Haner v. Quincy Farm Chems., Inc.*, 97 Wn.2d 753, 757, 649 P.2d 828 (1982). An exception to this rule permits the award of attorney fees

---

[1] In August of 1981, Roller prepared wills, a community property agreement, and a power of attorney, which were executed by his clients Fairy Ann and Clifford Wright. Mr. Wright died in November of 1981 and his entire estate passed to Fairy Ann by virtue of the community property agreement. Shortly after Mr. Wright's death, Roller was contacted to draw a new will for Fairy Ann Wright. During Fairy Ann's office visit, Roller determined that Fairy Ann was then not competent to execute the new will; he advised her of his conclusions and did not allow her to execute the new will. Roller's firm conviction that Fairy Ann was then incompetent raised the issue in his mind of her capacity in August. He ultimately concluded that she was not competent in August of 1981. After Fairy Ann's death in January of 1983, his views became known to Phyllis Brigham, a sole beneficiary under Fairy Ann's will executed before 1981. Brigham initiated the unsuccessful underlying will contest and challenge to the durable powers of attorney.

as consequential damages. *Armstrong Constr. Co. v. Thomson,* 64 Wn.2d 191, 390 P.2d 976 (1964). Three requirements for the application of the consequential damages exception have been formulated, *i.e.,* a wrongful act or omission of A (Roller) toward B (Morgan); such act or omission exposes or involves B in litigation with C (Brigham); and C was not connected with the original wrongful act of omission of A toward B. *Manning v. Loidhamer,* 13 Wn. App. 766, 769, 538 P.2d 136, *review denied,* 86 Wn.2d 1001 (1975).

The first of the *Manning* requirements in the context of the present case, namely, the wrongful act or omission of Roller toward Morgan, depends on whether Roller owed a duty to disclose his views of Fairy Ann's incompetency to Morgan. If no such duty existed, the claim of legal malpractice, the linchpin of the claim for attorney fees, must fail.

Over a hundred years ago the United States Supreme Court held that the obligation of the attorney is to his client, with whom there is privity, and not to third parties. *Savings Bank of D.C. v. Ward,* 100 U.S. 195, 200, 25 L. Ed. 621 (1878). However, the privity requirements for attorney malpractice have been relaxed. Two basic theories have evolved, one in California and the other in Illinois. In California the factors relaxing the privity requirement for attorney malpractice are:

> [T]he determination whether in a specific case the defendant will be held liable to a third person not in privity is a matter of policy and involves the balancing of various factors, among which are the extent to which the transaction was intended to affect the plaintiff, the foreseeability of harm to him, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury, and the policy of preventing future harm.

*Lucas v. Hamm,* 56 Cal. 2d 583, 588, 364 P.2d 685, 15 Cal. Rptr. 821 (1961), *cert. denied,* 368 U.S. 987 (1962). Illinois limits liability to those intended to benefit from the established attorney–client relationship. *Pelham v. Griesheimer,* 92 Ill. 2d 13, 20, 440 N.E.2d 96 (1982). In the cases allowing

a malpractice claim, the third party claimant was a legatee who was deprived of taking under a negligently drafted will. One of the essential ingredients of either theory is that the transaction for which the attorney was engaged was intended to benefit the claimant.[2]

■■ While our Supreme Court has acknowledged that an attorney's duty does at times extend beyond the client, there must be a basis for a duty between the claimant and the attorney; injury alone to the claimant is not enough. Thus, in *Bowman v. John Doe*, 104 Wn.2d 181, 187, 704 P.2d 140 (1985), the court affirmed the dismissal of a malpractice claim by a mother against the son's attorney for the attorney's alleged inappropriate handling of a juvenile justice matter which resulted in injury to the parent–child relationship.

Roller was engaged to draft and supervise the execution of Fairy Ann's will, a community property agreement and durable powers of attorney. The documents were prepared in accordance with the client's instructions. The documents were drafted to accommodate the expressed wishes of the client. They were executed in accordance with the statutory requirements of the State of Washington. The named beneficiaries, including Morgan, received the benefits intended by their benefactor by virtue of these documents. Even were we to adopt the duties imposed under either of the theories espoused by the California or Illinois courts, such duties have been satisfied. The legal expenses incurred by Morgan in his successful defense of the will contest and challenge to the durable powers of attorney did not result from any breach by Roller of his duties to prepare and supervise the execution of the testamentary documents. Morgan may have been an injured party but that is not enough.

---

[2]In a case in which the privity requirement was not addressed, our Supreme Court imposed liability on an attorney when the intended beneficiary hired the attorney to draft the will for the decedent and allowed the beneficiary to witness the will. *Schirmer v. Nethercutt*, 157 Wash. 172, 288 P. 265 (1930).

We decline to further relax the privity requirement in a legal malpractice action by imposing a duty on Roller, as attorney for the decedent, to disclose his views of his client's disability to beneficiaries of the client's testamentary plan formulated by Roller.

Reversed and remanded with direction to enter summary judgment of dismissal of the claims against Roller.

ALEXANDER, C.J., and REED, J., concur.