931 P.2d 156 (1997)
131 Wash.2d 266
The CITY OF SEATTLE, a municipal corporation, Respondent,
v.
James P. and Ann McCREADY, a marital community; George Lott; Marv Kaercher; and all similarly situated persons, Appellants/Defendants, and
Greg Marshall; John D. Hansen; Siobhan Stewart; Kels Koch; Jerry Allen; and all similarly situated persons, Appellants/Defendants.
Seattle Municipal Court; Ovid Thompson; Rose Mesec and John Doe Mesec, her husband; Matt Lamp and Jane Doe Lamp, his wife; Daniel Scully and Jane Doe Scully, his wife; and John and Jane Doe's 1-10, Respondents/Defendants.
No. 63275-8.
Supreme Court of Washington, En Banc.
Argued September 24, 1996.
Decided February 13, 1997.
*157 Groen & Stephens, John M. Groen, Bellevue, for appellants/defendants.
Mark Sidran, Seattle City Attorney and Miriam Reed, Asst. City Attorney, Seattle, for respondent.
JOHNSON, Justice.
This is the third time this court has accepted review on issues arising out of this cause of action. The genesis of this action began with certain landlords' and tenants' (Appellants) resistance to the City of Seattle's (City) Residential Housing Inspection Program (RHIP). The City filed a declaratory judgment action, naming Appellants as Defendants, to determine the constitutionality of the RHIP. Appellants filed a counterclaim for, among other things, attorney fees incurred in defending against the City's action under 42 U.S.C. § 1988 and/or on equitable grounds. After the second of two appeals to this court, the trial court granted the City's motion for summary judgment, denying Appellants' claim for attorney fees. Appellants sought and we granted review of the trial court's decision denying their claim for attorney fees. We reject the suggestion that any of the inspection warrants were invalid under the Fourth Amendment and, therefore, decline to award attorney fees under 42 U.S.C. § 1988. We also decline to award fees on equitable grounds because none of the equitable exceptions to the American rule previously recognized by this court apply to the facts here.

*158 FACTS
The City of Seattle developed the RHIP to proactively identify code violations in Seattle apartment buildings.[1] Under the RHIP, the City used statistical methods to identify buildings which were likely to have serious violations. Tenants in those buildings received a letter requesting their consent to a search of the building. If the tenant did not consent, the City sought an inspection warrant. City of Seattle v. McCready, 123 Wash.2d 260, 264-65, 868 P.2d 134 (1994) (McCready I). These warrants were not issued on probable cause to believe a violation occurred. McCready I, 123 Wash.2d at 272, 868 P.2d 134.
The City brought an action against Appellants seeking a declaratory judgment upholding the RHIP, and the issuance of inspection warrants for various apartment buildings. The trial court issued four inspection warrants but those warrants were immediately stayed. The City also obtained search warrants based on probable cause for Appellants' buildings, one of which was actually executed. The City searched some of Appellants' buildings with tenant consent.
Appellants defended against the declaratory judgment action and brought counterclaims for trespass, damages and attorney fees under 42 U.S.C. §§ 1983 and 1988, and declaratory relief. In the first appeal arising from this action, McCready I, this court quashed four warrants (hereinafter referred to as "inspection warrants") issued by King County Superior Court under the RHIP. McCready I, 123 Wash.2d 260, 868 P.2d 134. This court held a superior court lacks "the authority of law" to issue a search warrant on less than probable cause absent a court rule or statute. The court declined to address Appellants' attorney fees claims finding the only issue currently before it was whether to quash the warrants. McCready I, 123 Wash.2d at 282-83, 868 P.2d 134.
In City of Seattle v. McCready, 124 Wash.2d 300, 877 P.2d 686 (1994) (McCready II), this court resolved three specific issues: (1) under the Fourth Amendment and article I, section 7 tenants can consent to an inspection of common areas and their dwelling area; (2) under article I, section 7 a municipal court does not have the "authority of law" to issue an administrative inspection warrant to search for evidence of civil, rather than criminal, infractions; and (3) the two warrants based on probable cause which were actually issued did not violate the Fourth Amendment. McCready II, 124 Wash.2d at 303-12, 877 P.2d 686. The court also denied Appellants' claim for attorney fees under 42 U.S.C. §§ 1983 and 1988 because there was no Fourth Amendment violation. McCready II, 124 Wash.2d at 312, 877 P.2d 686. However, the opinion dealt with attorney fees only as they related to the two warrants issued with probable cause, and did not address the claims based on the four inspection warrants quashed in McCready I.
Following McCready II, Appellants filed motions for summary judgment in the trial court to recover attorney fees for defending the RHIP declaratory judgment, quashing the inspection warrants, and challenging the probable cause warrants.[2] The City responded by arguing all these claims had been dealt with in McCready I and II. The trial court denied Appellants' motions and dismissed all of their claims.
We agree with Appellants that our prior opinions did not address attorney fees under § 1988 for defending against the four inspection warrants, nor did they address any of their equitable claims for attorney fees. Despite this omission, we find Appellants are not entitled to attorney fees under § 1988 because they have not demonstrated a deprivation of their federal constitutional rights. We also find none of the recognized equitable *159 exceptions to the American rule allow for an award of attorney fees in this case. Thus, we affirm the trial court's grant of summary judgment in favor of the City.

ATTORNEY FEES UNDER 42 U.S.C. § 1988
Appellants seek an award of attorney fees under 42 U.S.C. § 1988 for defending the declaratory judgment action relating to the inspection warrants.[3] This request for fees is necessarily based on the assumption Appellants have established a violation of their federal constitutional rights. Appellants rely on our decision in McCready I to establish that the inspection warrants were contrary to the Fourth Amendment. That reliance is misplaced.
In McCready I we invalidated the inspection warrants, holding that under article I, section 7, a superior court judge did not have "authority of law" to issue search warrants on less than traditional probable cause. McCready I, 123 Wash.2d at 280, 868 P.2d 134. While McCready I did not expressly address the Fourth Amendment claims of Appellants, we noted that Appellants argued for the rejection of the Fourth Amendment standards for administrative inspections established in Camara v. Municipal Court, 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967). McCready I, 123 Wash.2d at 268, 281, 868 P.2d 134. By arguing for their rejection, Appellants recognized the application of the Camara standards to the RHIP. Thus, McCready I implicitly recognized the RHIP met Camara's Fourth Amendment standards.
An explicit examination of the RHIP under Camara reaches this same conclusion. In Camara, the Supreme Court held that searches conducted under administrative code enforcement programs do require warrants, but such administrative warrants can be issued based on a less than traditional probable cause standard. For purposes of administrative searches conducted to enforce local building, health, or fire codes, the Court stated:
"`probable cause' to issue a warrant to inspect ... exist[s] if reasonable legislative or administrative standards for conducting an area inspection are satisfied with respect to a particular dwelling. Such standards, which will vary with the municipal program being enforced, may be based upon the passage of time, the nature of the building (e. g., a multi-family apartment house), or the condition of the entire area, but they will not necessarily depend upon specific knowledge of the condition of the particular dwelling."
Camara, 387 U.S. at 538, 87 S.Ct. at 1736, 4 Wayne R. LaFave, Search & Seizure § 10.1(b) (3d ed.1996).
Under the RHIP, buildings are chosen for inspection based on certain objective factors such as a building's age, assessed value, and number of code violations in the past five years. McCready I, 123 Wash.2d at 264, 868 P.2d 134. These factors mirror the reasonable Fourth Amendment "probable cause" standards for inspection warrants outlined in Camara.[4] Thus, the inspection warrants did not violate Appellants' Fourth Amendment rights.[5]
*160 Appellants contend they are also entitled to an award of fees under 42 U.S.C. § 1988 for having prevailed on a pendent, nonconstitutional theory. Under this theory, attorney fees may be awarded under § 1988 when the claimant presents a claim for which such fees are available but ultimately prevails only on a pendent claim. Maher v. Gagne, 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980). Such awards are available where the court does not reach the federal constitutional question, instead relying on the nonconstitutional claim as dispositive. Hagans v. Lavine, 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974). However, fees are not awarded on this basis where the court considers and rejects the federal claim(s). Mateyko v. Felix, 924 F.2d 824, 828 (9th Cir.1990), cert. denied, 502 U.S. 814, 112 S.Ct. 65, 116 L.Ed.2d 40 (1991). Because we have considered and rejected Appellants' argument that the inspection warrants violated the Fourth Amendment, Appellants are not entitled to attorney fees under § 1988's pendent claim theory.

ATTORNEY FEES ON EQUITABLE GROUNDS
Appellants seek an award of attorney fees on equitable grounds for defending the declaratory judgment action and resisting both the inspection warrants and the probable cause warrants. Washington courts traditionally follow the American rule in not awarding attorney fees as costs absent a contract, statute, or recognized equitable exception. Rettkowski v. Department of Ecology, 128 Wash.2d 508, 514, 910 P.2d 462 (1996); State ex rel. Macri v. City of Bremerton, 8 Wash.2d 93, 113-14, 111 P.2d 612 (1941).
Before addressing equitable exceptions to the American rule, we first consider whether the statutory proceeding provides for attorney fees in this case. The first court action filed in this dispute was the City's action seeking a declaratory judgment on the constitutionality of the RHIP. Requests for declaratory relief are governed by the Uniform Declaratory Judgments Act (UDJA), RCW 7.24. Attorney fees are not provided for under the UDJA. Seattle School Dist. No. 1 v. State, 90 Wash.2d 476, 540-41, 585 P.2d 71 (1978); RCW 7.24.100. In fact, in the context of State initiated declaratory judgment actions regarding constitutional issues, we have previously stated: "[d]eclaratory procedure is peculiarly well suited to the judicial determination of controversies concerning constitutional rights...." Seattle School Dist., 90 Wash.2d at 490, 585 P.2d 71. Thus, the fact this action began as a declaratory judgment action brought by the City does not provide statutory grounds for attorney fees, or a basis for creating a new equitable exception.
This court has explicitly recognized four equitable exceptions to the American rule: (1) the common fund theory, Grein v. Cavano, 61 Wash.2d 498, 505, 379 P.2d 209 (1963); (2) actions by a third person subjecting a party to litigation, Wells v. Aetna Ins. Co., 60 Wash.2d 880, 882-83, 376 P.2d 644 (1962); (3) bad faith or misconduct of a party, Miotke v. City of Spokane, 101 Wash.2d 307, 338, 678 P.2d 803 (1984); and (4) dissolving wrongfully issued temporary injunctions or restraining orders, Cecil v. Dominy, 69 Wash.2d 289, 291-94, 418 P.2d 233 (1966); Alderwood Assocs. v. Washington Envtl. Council, 96 Wash.2d 230, 247, 635 P.2d 108 (1981). See generally Philip A. Talmadge, Attorney Fees in Washington pt. 5 (1995). This court has also specifically considered and rejected adopting the private attorney general theory as a further equitable exception to the American rule. Blue Sky Advocates v. State, 107 Wash.2d 112, 122, 727 P.2d 644 (1986).
While the traditional American rule relates to attorney fees as costs, at least two of the recognized equitable exceptions award attorney fees as damages. See, e.g., Cecil, 69 Wash.2d at 291, 418 P.2d 233 (attorney fees as damages in dissolving a wrongfully issued temporary injunction); Wells, 60 Wash.2d at 882, 376 P.2d 644 (attorney fees as damages in wrongful action by a third person subjecting a party to litigation). This court has also authorized the award of attorney fees as damages in slander of title and wrongful garnishment actions. Rorvig v. Douglas, 123 *161 Wash.2d 854, 873 P.2d 492 (1994) (slander of title action); James v. Cannell, 135 Wash. 80, 82-83, 237 P. 8 (1925) (wrongful garnishment action), aff'd, 139 Wash. 702, 246 P. 304 (1926). Thus, a more accurate statement of Washington's American rule is attorney fees are not available as costs or damages absent a contract, statute, or recognized ground in equity.[6]
Appellants argue they are entitled to attorney fees in defending the inspection warrants and the probable cause warrants based on two equitable exceptions: (1) protection of constitutional principles, and (2) dissolving wrongfully issued temporary injunctions. We address each argument in turn.
Protection of Constitutional Principles
The protection of constitutional principles was listed, without discussion, as an equitable exception to the American rule in Miotke, 101 Wash.2d at 340, 678 P.2d 803. Subsequently, two courts have listed, but not discussed, protection of constitutional principles as an equitable exception to the American rule. See Estate of Jordan v. Hartford Accident & Indem. Co., 120 Wash.2d 490, 509, 844 P.2d 403 (1993) (Andersen, J., concurring in part, dissenting in part); Dempere v. Nelson, 76 Wash.App. 403, 886 P.2d 219 (1994), review denied, 126 Wash.2d 1015, 894 P.2d 565 (1995). The phrase "protection of constitutional principles" has never been articulated or applied as an independent equitable exception to the American rule in this or any other jurisdiction. The only material discussion of the "protection of constitutional principles" in the context of equitable awards of attorney fees was as one of the rationales underlying a variation of the common fund theory enunciated by this court in Weiss v. Bruno, 83 Wash.2d 911, 914, 523 P.2d 915, 89 A.L.R.3d 681 (1974). See PUD No. 1 v. Kottsick, 86 Wash.2d 388, 391, 545 P.2d 1 (1976); Smith v. Board of Walla Walla County Comm'rs, 48 Wash.App. 303, 310-11, 738 P.2d 1076 (1987).[7]
The four requirements of the Weiss common fund exception are: "(1) a successful suit brought by petitioners (2) challenging the expenditure of public funds (3) made pursuant to patently unconstitutional legislative and administrative actions (4) following a refusal by the appropriate official and agency to maintain such a challenge." Weiss, 83 Wash.2d at 914, 523 P.2d 915. This exception does not apply to the facts of this case because appellants have not challenged the unconstitutional expenditure of public funds. See Seattle School Dist., 90 Wash.2d at 544-45, 585 P.2d 71 (successful declaratory judgment action on constitutional grounds did not entitle prevailing party to attorney fees because there was no challenge to expenditure of public funds).
Appellants argue these requirements are not the correct requirements for the so-called protection of constitutional principles exception; however, they offer no alternative definition for the exception nor an alternative set of requirements. As stated above, this court has not recognized an independent equitable exception to the American rule based on the protection of constitutional principles.
Appellants' request for attorney fees based on their successful resistance to the RHIP is essentially a request for fees under the private attorney general exception to the American rule. The private attorney general exception allows for the award of attorney fees when a successful litigant incurs considerable economic expense to effectuate an important legislative policy benefiting a large class of citizens. Miotke, 101 Wash.2d at 340, 678 P.2d 803. However, this court expressly rejected the private attorney *162 general exception in Blue Sky Advocates, 107 Wash.2d at 122, 727 P.2d 644. Thus, the private attorney general theory is not available to Appellants here.
Dissolving Wrongfully Issued Temporary Injunctions
Appellants next argue the quashing of an invalid warrant is analogous to dissolving a wrongfully issued temporary injunction. This court has held attorney fees are recoverable in an action where a trial on the merits has for its sole purpose the determination of whether an injunction should be dissolved, the injunction is dissolved, and a trial was the sole procedure available to the party attempting to dissolve the temporary injunction. Cecil, 69 Wash.2d at 293, 418 P.2d 233; Alderwood Assocs., 96 Wash.2d at 247, 635 P.2d 108. If dissolving the injunction is not the sole purpose of the trial, then attorney fees are available only for services performed in dissolving the temporary injunction. Cecil, 69 Wash.2d at 293-94, 418 P.2d 233.
The rationale supporting this exception starts from the premise that a temporary injunction or restraining order prohibits an individual from engaging in some given activity. See Alderwood Assocs., 96 Wash.2d at 232, 635 P.2d 108 (restraining order prohibited the collection of signatures for a referendum petition at a shopping mall); Cecil, 69 Wash.2d at 290, 418 P.2d 233 (injunction prohibited soliciting business within a competitor's territory). The only option available to a party faced with a temporary injunction or restraining order (other than submitting to the order) is to take legal action. Thus, if the wrongfully enjoined party prevails in the action to dissolve the temporary injunction, then attorney fees represent the damages suffered from the injunction. Cecil, 69 Wash.2d at 291-92, 418 P.2d 233. The exceptions recognizing awards of attorney fees as damages are based on a determination a wrongful act may leave another party with no choice but to litigate. Rorvig, 123 Wash.2d at 862, 873 P.2d 492.
Because virtually all litigation compels a party's opponent to litigate, Washington courts have narrowly limited the type of actions where attorney fees are awarded as damages. Rorvig, 123 Wash.2d at 861-63, 873 P.2d 492 (attorney fees awarded as damages in slander of title action); Cecil, 69 Wash.2d at 294, 418 P.2d 233 (attorney fee awarded as damages in action to dissolve temporary injunction); Ritchie v. Markley, 23 Wash.App. 569, 597 P.2d 449 (1979) (attorney fees awarded as damages for dissolving temporary injunction but not for trial on the merits of the action following the dissolution), overruled on other grounds by, Cowiche Canyon Conservancy v. Bosley, 118 Wash.2d 801, 828 P.2d 549 (1992); James, 135 Wash. at 82-83, 237 P. 8 (attorney fees awarded as damages in wrongful garnishment action).
Slander of title is the most recent and only type of action we have added to the narrowly limited exception of attorney fees as damages since Cecil v. Dominy in 1966. Rorvig, 123 Wash.2d 854, 873 P.2d 492. We based that addition upon the Restatement (Second) of Torts § 633 and the recent trend in other jurisdictions. Rorvig, 123 Wash.2d at 862-63, 873 P.2d 492. No such similar authority exists here for extending this exception to actions brought for the quashing of warrants. In the absence of such authority, we decline this invitation to recognize an additional exception to the American rule for actions brought to quash search warrants.

CONCLUSION
We hold Appellants are not entitled to attorney fees under 42 U.S.C. §§ 1983 and 1988 because they have failed to demonstrate the deprivation of a federal constitutional right. Nor are attorney fees available under any of our recognized equitable exceptions to the American rule. The trial court's summary judgment in favor of the City is affirmed.
DURHAM, C.J., and DOLLIVER, SMITH, GUY, ALEXANDER and TALMADGE, JJ., concur.
NOTES
[1] The factual background for this action is set forth in detail in City of Seattle v. McCready, 123 Wash.2d 260, 868 P.2d 134 (1994) (McCready I).
[2] Appellants also seek review of the dismissal of their trespass claim. However, Appellants have not preserved this issue for review because they failed to assign error or provide argument relating to this claim in their McCready II appeal. See Davis v. Davis, 16 Wash.2d 607, 609, 134 P.2d 467 (1943) (issues decided in prior appeals, or not raised that could have been decided in prior appeals, will not be considered on a subsequent appeal in the same case), overruled on other grounds by, Greene v. Rothschild, 68 Wash.2d 1, 414 P.2d 1013 (1966).
[3] As noted above, we have already disposed of Appellants' §§ 1983 and 1988 claims relating to the probable cause warrants and the searches of Appellants' buildings which were based on tenant consent. McCready II, 124 Wash.2d at 312, 877 P.2d 686.

Contrary to the City's interpretation of McCready I, we have not previously rejected Appellants attorney fee claims relating to the inspection warrants. Our McCready I opinion did not decide the issue of whether Appellants could recover attorney fees under § 1988 because, when that appeal was taken, Appellants had not yet amended their answer to assert their §§ 1983 and 1988 counterclaims. McCready I, 123 Wash.2d at 283 n. 14, 868 P.2d 134.
[4] Appellants argue the holding in Camara is mere dicta. While discussion of inspection warrants in Camara may be dicta, subsequent cases have recognized the validity of inspection warrants which are not based on traditional probable cause. See Michigan v. Tyler, 436 U.S. 499, 98 S.Ct. 1942, 56 L.Ed.2d 486 (1978); Marshall v. Barlow's, Inc., 436 U.S. 307, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1978); Pennsylvania Steel Foundry & Mach. Co. v. Secretary of Labor, 831 F.2d 1211 (3rd Cir.1987); Brock v. Gretna Mach. & Ironworks, Inc., 769 F.2d 1110 (5th Cir.1985).
[5] This holding is also compelled by our opinion in McCready II, explicitly rejecting Appellants' argument that warrants invalid under article I, section 7 violate the Fourth Amendment. McCready II, 124 Wash.2d at 311-12, 877 P.2d 686.
[6] Another exception to the American rule that might well be added to the above lists is the Olympic Steamship rule allowing attorney fees incurred by an insured in compelling an insurer to assume the burden of legal action or obtain the full benefit of his or her contract. Olympic S.S. Co. v. Centennial Ins. Co., 117 Wash.2d 37, 53, 811 P.2d 673 (1991). Although one of the rationales behind the Olympic S.S. rule is based on a theory of implied contract, the rationales explicitly relied upon by the Olympic S.S. court were the equitable notions regarding the disparity in bargaining power between insureds and insurers, and attorney fees as damages. Olympic S.S., 117 Wash.2d at 52-53, 811 P.2d 673.
[7] For a discussion of all the various permutations of the common fund exception see Seattle School Dist., 90 Wash.2d at 540-45, 585 P.2d 71.