WASHINGTON COUNTY



FILED

2008 NOV 21 P 3: 56

SUPERIOR COURT
WASHINGTON

| | | |
|---|---|---|
| STATE OF VERMONT | ) | |
| Plaintiff, | ) | Washington Superior Court |
| | ) | Docket No. 27-1-04 Wncv |
| v. | ) | |
| | ) | |
| HOWE CLEANERS, INC., et al., | ) | |
| Defendants. | ) | |

## DECISION
### No. 57, TD Bank and Fiore's Motion for Leave to File Motions for Summary Judgment
### No. 58, Howe Cleaners and Benvenuti's Motion for Leave to File Summary Judgment Motion
### No. 59, Howe Cleaners and Benvenuti's Motion to Strike or Dismiss Cross-Claims
### No. 60, Fiore's Motion for Leave to File Sur-Reply

At issue are cross-claims by TD Bank and John Fiore against Howe Cleaners and David Benvenuti seeking litigation expenses, primarily attorney's fees, incurred in their defenses against the State's claims.[1] The cross-claims are based on the exception to the American Rule for litigation with third persons. Howe Cleaners and Mr. Benvenuti seek to strike these cross-claims as waived, seek their dismissal due to perceived conflicts with certain provisions of 10 V.S.A. § 6615, seek their dismissal for failure to state a claim, and seek leave to address these issues in a summary judgment motion if their motion to strike or dismiss is denied. TD Bank and Mr. Fiore seek leave to file a summary

---

[1] TD Bank purported to add its cross-claim to this case by amendment on September 15, 2008. In that filing, TD Bank asserted that it was entitled to amend as of course—leave from the court was not sought— because Howe Cleaners and Mr. Benvenuti had never filed a responsive pleading to its original cross-claim, which was filed many years earlier. The court rejects TD Bank's convenient interpretation of Rule 15(a). Generally, Rule 15(a) permits amendment of a cross-claim without leave anytime before an answer is filed because that answer typically will be due within 20 days, Rule 12(a)(2), or at least in the earliest stages of the litigation of the cross-claim in the event of a continuance or dismissal proceedings. The wholesale failure of a defendant to file an answer, while otherwise actively defending, which the rules do not contemplate, does not give the cross-claiming party a "free pass" to amend whenever it likes. Such an interpretation of the rules would completely undermine the purpose of permitting amendments without leave of the court. Ordinarily, a proper amendment as of course occurs at a time when there is no need for judicial involvement, a motion for leave would be automatically granted anyway, and there could be no prejudice to the opposing party. See 6 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1480. Those are not the circumstances of this case. Even if TD Bank had formally requested it, leave would have been denied. The delay is unreasonable and no justification for it has been offered. Amending by adding a claim after Howe Cleaners and Mr. Benvenuti settled with the State would deprive them of the opportunity to include the claim in their strategic calculations about settling. Moreover, the amended claim would be dismissed anyway. Even though the court does not recognize TD Bank's "amendment," because the court would be resolving Mr. Fiore's identical claim for litigation expenses in this decision anyway, the court will address the substance of TD Bank's attempted amendment as well.

1

judgment motion on these issues.[2] The court concludes that the cross-claims for litigation expenses fail to state a claim upon which relief can be granted and declines to address the other issues raised in these motions.

At this point in the litigation, both TD Bank and Mr. Fiore have been determined to have no liability to the State. With regard to TD Bank, the State was unable to come forward with evidence of liability following a discovery sanction precluding the use of certain potential evidence. Mr. Fiore was determined to be a diligent owner under 10 V.S.A. § 6615(e). In sum, the State alleged that TD Bank and Mr. Fiore were responsible parties with liability under 10 V.S.A. § 6615 for contamination at the site, both TD Bank and Mr. Fiore at all times disclaimed any such liability, and now both have been determined to be free of that alleged liability. Neither TD Bank nor Mr. Fiore have incurred any cleanup costs.

Howe Cleaners and Mr. Benvenuti have settled with the State and entered into a consent decree memorializing their liability under 10 V.S.A. § 6615.

TD Bank argues that it is entitled to its defense expenses from Howe Cleaners and Mr. Benvenuti under *Windsor Sch. Dist. v. State*, 2008 VT 27, as follows:

> [T]he Dry Cleaning Defendants misunderstand the teachings of *Windsor*. Most notably, the Dry Cleaning Defendants read the *Albright v. Fish* rule discussed in *Windsor* to only allow recovery of attorney's fees and costs incurred in connection with the investigation and cleanup of a contaminated property. This reading is far too narrow. In *Windsor*, the Vermont Supreme Court specifically stated that the *Albright v. Fish* rule applies "when the wrongful act of one person has made it necessary for another person to become involved in litigation with a third party to protect his or her interests." *This is precisely what happened in the present case: but for the wrongful acts of the Dry Cleaning Defendants in polluting the site with contaminants, the Bank (and Fiore) would never have been involved in this litigation.*
>
> The attorney's fees that were not covered by the *Albright v. Fish* rule as applied in *Windsor* were those incurred by the Windsor School District to (1) bring and prosecute its own indemnity action against the Department of Corrections and (2) bring and prosecute a declaratory relief action against its insurance carriers. The Bank seeks no such fees and costs in its cross-claims against the Dry Cleaning Defendants. Rather, the Bank merely seeks its attorney's fees and costs incurred in defending against the State's lawsuit.

---

[2] TD Bank and Mr. Fiore also purport to seek leave to file summary judgment motions essentially to withdraw certain cross-claims against each other, and to memorialize the mootness of certain other cross-claims against Howe Cleaners and Mr. Benvenuti. The court recognizes TD Bank's and Mr. Fiore's interest in preserving those claims in the event that a reversal on appeal leads to a basis for them, but fails to see the purpose of filing summary judgment motions on the matter.

TD Bank's Opposition to Dismissal at 7 (Oct. 16, 2008) (citations omitted) (original emphasis removed; new emphasis added). This quotation appears to describe Mr. Fiore's position on the matter as well. See Mr. Fiore's Opposition to Dismissal at 2–3 (Oct. 17, 2008).

This case is not analogous to *Windsor* and the circumstances do not otherwise support the claims for litigation expenses. In *Windsor*, the DOC contaminated a parcel and then conveyed it to the school district, which had no notice of the contamination. The school district thus innocently incurred—and accepted—cleanup liability vis-à-vis the State; the DOC refused to accept liability. The fees in *Windsor* found to fit the *Albright v. Fish* rule "represented only a quarter of the total legal services provided, the result of a stringent paring down of charges to those strictly related to the cleanup." *Windsor*, 2008 VT 27, ¶ 14. Litigation expenses related to the apportionment of liability remained the school district's responsibility. See *id.*, ¶¶ 4–5, 11–12, 14, 26.

In this case, neither Howe Cleaners nor Mr. Benvenuti directly conveyed the contaminated parcel to either TD Bank or Mr. Fiore. To the extent that they caused the contamination, neither Howe Cleaners nor Mr. Benvenuti breached any duty owed directly to TD Bank or Mr. Fiore. Moreover, both TD Bank and Mr. Fiore have no cleanup losses and never had any cleanup liability. The litigation expenses for which both seek compensation were devoted to the apportionment of liability, precisely the sort of expenses not permitted in *Windsor*. *Windsor* simply does not support TD Bank's and Mr. Fiore's claims for litigation expenses.

Both TD Bank and Mr. Fiore emphasize a quotation from *Albright v. Fish*, that the exception applies "when the wrongful act of one person has made it necessary for another person to become involved in litigation with a third party to protect his or her interests." *Albright v. Fish*, 138 Vt. 585, 591 (1980). While this quotation ostensibly fits the circumstances of this case, it is merely a maxim, "[a] traditional legal principle that has been frozen into a concise expression." Black's Law Dictionary 993 (8th ed. 2004). It is not a complete statement of the legal elements of the claim.

A New Jersey court has described the legal claim like this: "if someone's wrongdoing is the cause of litigation between the victim [of the wrongdoing] and third parties and that litigation was foreseeable at the time of the wrongdoing, the reasonable litigation expenses resulting therefrom are recoverable." *Lovett v. Estate of Lovett*, 593 A.2d 382, 389 (N.J. Super. Ct. Ch. Div. 1991). A Washington court has described the following necessary elements: "(1) a wrongful act or omission by A toward B; (2) such act or omission exposes or involves B in litigation with C; and (3) C was not connected with the initial transaction or event, Viz., the wrongful act or omission of A toward B." *Manning v. Loidhammer*, 538 P.2d 136, 138 (Wash. Ct. App. 1975). To essentially the same effect as *Lovett* and *Manning*, Am. Jur. has isolated five discrete elements. See 22 Am. Jur. 2d *Damages* § 621.

These formulations of the rule reveal what TD Bank's and Mr. Fiore's claims lack. Neither TD Bank nor Mr. Fiore were the "victim" of the wrongful act or omission; they only appeared further along the chain of title. At the time of their wrongful act or omission, Howe Cleaners and Mr. Benvenuti could not have reasonably foreseen that their conduct would have caused TD Bank and Mr. Fiore, who had not been owners at that time and who in fact would have no cleanup liability, to litigate the issue of cleanup liability with a third party. TD Bank's and Mr. Fiore's claims are simply too remote from the wrongful act or omission to fit within the exception.

Boiled down, TD Bank's and Mr. Fiore's claims for litigation expenses would dramatically expand what is supposed to be a narrow exception to the American Rule to nearly always apply to co-defendants when one is absolved of liability—after all, "but for" the liable defendant's conduct, the non-liable defendant would not have been sued by a third party. As the *Manning* court said:

> The [claimant] emphasizes that the jury absolved it of negligence. This fact is not the determining consideration in allowing attorney's fees as damage by one defendant against another. If it were, every defendant found not negligent could recover attorney's fees against another defendant who was found negligent. We have been cited to no case which goes that far.

*Manning*, 538 P.2d at 141. No Vermont case applying this exception to the American Rule goes that far.

TD Bank's and Mr. Fiore's claims for litigation expenses are not viable. Howe Cleaners and Mr. Benvenuti are entitled to the dismissal of those claims.

### Order

For the foregoing reasons, Howe Cleaner's and Mr. Benvenuti's motion to dismiss is GRANTED. All other related motions or requests are DENIED AS MOOT.

Dated this 21st day of November 2008.

Mary Miles Teachout
Superior Court Judge

4