# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| THE COMMERCE BANK OF WASHINGTON, N.A., | No. 67969-4-I |
| Respondent, | |
| | DIVISION ONE |
| v. | |
| STEPHEN GANDARA AND DENISE GANDARA, individually and the marital community comprised thereof, | UNPUBLISHED OPINION |
| Appellants. | FILED: April 29, 2013 |

SPEARMAN, A.C.J. — A trial court granted summary judgment to The Commerce Bank of Washington, N.A. against Stephen and Denise Gandara. The Gandaras appeal the trial court's denial of their motion to continue the summary judgment hearing. Finding no error, we affirm.

## FACTS

This is the second lawsuit involving Commerce Bank and the Gandaras. In 1997 and 1998, the Gandaras executed promissory notes to Commerce Bank totaling approximately $1.6 million. The promissory notes were secured by the Gandaras' residence in Edgewater, Washington. Commerce Bank's security interest was secondary to that of Wells Fargo, which held the first mortgage on the Edgewater property.

In 2001, the Gandaras fell behind on mortgage payments to Wells Fargo and Wells Fargo foreclosed on the property. TCB Property Associates, a subsidiary of Commerce Bank, purchased the property at the foreclosure auction. TCB and the Gandaras signed an agreement in which TCB would lease the property to the Gandaras while it sought a buyer. The lease agreement provided that the proceeds from the sale of the property would be used to satisfy the Gandaras' obligations on the promissory notes. TCB finally sold the property in 2003, but the proceeds did not cover the Gandaras' debt.

By 2005, the Gandaras had not repaid the amount owed on the promissory notes and the parties were unable to come to an agreement on repayment terms. Commerce Bank sued the Gandaras to recover the debt. The Gandaras filed a counterclaim against Commerce Bank and a third party claim against TCB, alleging, amongst other things, fraud and negligent misrepresentation. Specifically, the Gandaras alleged that Commerce Bank and TCB improperly rejected two offers on the property and ultimately sold it for an amount insufficient to cover the debt on the promissory notes.

During discovery, the Gandaras requested that Commerce Bank and TCB produce all documents pertaining to the property, including purchase offers. In response, Commerce Bank produced a document summarizing three offers made on the property in 2002, all of which were rejected, and one offer made in 2003, which was accepted. Commerce Bank also produced a series of emails between Commerce Bank and Steven Gandara regarding all of the offers.

On October 14, 2005, the parties, through counsel, signed a settlement agreement. The settlement agreement provided that the Gandaras would pay Commerce Bank the sum of $400,000 over the course of five years at a rate of at least $50,000 per year, with interest to accrue at 6 per cent annually. As part of the settlement agreement, Commerce Bank and the Gandaras agreed to dismiss with prejudice any outstanding claims:

> 2. Mutual Release. Effective as of the date hereof, the parties hereby waive, release and forever discharge the other...from every claim, demand or cause of action whatsoever, of every kind and nature, whether presently known or unknown, suspected or unsuspected, arising or alleged to have arisen or which may hereafter arise from any act, omission or condition which occurred or existed on or before the date of this Agreement, including without limitation, any claim or defense asserted in the Litigation or any claim arising under any loan transaction between the parties. Notwithstanding the foregoing, nothing herein shall be deemed or construed to constitute a release of Gandara by the Bank, or satisfaction of any outstanding amounts, on...the obligation to pay the Settlement Amount under the terms set forth herein...

Clerk Papers (CP) at 45. On October 20, 2005, the parties entered a Stipulation and Order of Dismissal with Prejudice, dismissing the action "including all counterclaims and third party claims, with prejudice." CP at 139.

By 2007, the Gandaras had defaulted on the settlement agreement by failing to make payments against the principal per the agreed-upon schedule. Commerce Bank and the Gandaras negotiated a series of forbearance agreements modifying the payment terms.

In 2011, as the Gandaras had continued to fail to meet their repayment obligations, Commerce Bank sued the Gandaras for breach of the settlement agreement and moved for summary judgment. The Gandaras requested the trial

court either deny summary judgment or grant a continuance, claiming that additional discovery needed to be conducted to support their affirmative defenses of fraud, unconscionability, or violation of public policy. The trial court denied the continuance and granted summary judgment in favor of Commerce Bank. The Gandaras appeal.

## DISCUSSION

CR 56(f) states:

Should it appear from the affidavits of a party opposing the motion that he cannot, for reasons stated, present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

We review the denial of a CR 56(f) motion for abuse of discretion. Pitzer v. Union Bank of California, 141 Wn.2d 539, 556, 9 P.3d 805 (2000). A trial court does not abuse its discretion if "'(1) the requesting party does not offer a good reason for the delay in obtaining the desired evidence; (2) the requesting party does not state what evidence would be established through the additional discovery; or (3) the desired evidence will not raise a genuine issue of material fact.'" Id. (quoting Turner v. Kohler, 54 Wn. App. 688, 693, 775 P.2d 474 (1989)). "Only one of the qualifying grounds is needed for denial." Gross v. Sunding, 139 Wn. App. 54, 68, 161 P.3d 380 (2007) (citing Pelton v. Tri-State Mem'l Hosp., 66 Wn. App. 350, 356, 831 P.2d 1147 (1992)).

The trial court did not abuse its discretion in denying a continuance because the evidence sought by the Gandaras would not raise a genuine issue of material fact as to any of their affirmative defenses.

The Gandaras first claim that the Settlement Agreement was based on a fraudulent misrepresentation by Commerce Bank that "the only offer made for the purchase of the Edgewood property was the one that was accepted." CP at 66. Fraud requires proof of nine elements: "(1) representation of an existing fact; (2) materiality; (3) falsity; (4) the speaker's knowledge of its falsity; (5) intent of the speaker that it should be acted upon by the plaintiff; (6) plaintiff's ignorance of its falsity; (7) plaintiff's reliance on the truth of the representation; (8) plaintiff's right to rely upon it; and (9) damages suffered by the plaintiff." Stiley v. Block, 130 Wn.2d 486, 505, 925 P.2d 194 (1996).

The Gandaras fail to show that a continuance to permit further discovery on this claim would result in evidence that creates an issue of material fact. During the 2005 litigation, the Gandaras conducted discovery regarding offers to purchase the Edgewood property. In response, Commerce Bank produced a list summarizing the four offers made on the Edgewood property: three in 2002 that were rejected and one in 2003 that was accepted. Commerce Bank also produced a series of emails sent to the Gandaras explaining that they rejected the 2002 offers because they were "not interested in taking real estate or notes as partial payment" and because "in 2002 we all believed that the house would bring considerably more than was being offered." CP at 132. Because the Gandaras offer no basis to conclude that further discovery would produce different or additional evidence, the trial court properly denied the continuance request.

The Gandaras next assert that the Settlement Agreement was an unconscionable contract because their payment obligations on the promissory notes

were satisfied once Commerce Bank obtained the property that served as the security for the notes. Washington recognizes two classifications of unconscionability: "procedural" unconscionability, involving blatant unfairness in the bargaining process and a lack of meaningful choice, and "substantive" unconscionability, or unfairness of the terms or results. Yakima County (West Valley) Fire Prot. Dist. No. 12 v. City of Yakima, 122 Wn.2d 371, 391, 858 P.2d 245 (1993). "Procedural unconscionability has been described as the lack of a meaningful choice, considering all the circumstances surrounding the transaction including [t]he manner in which the contract was entered, whether each party had a reasonable opportunity to understand the terms of the contract, and whether the important terms [were] hidden in a maze of fine print . . . ." Nelson v. McGoldrick, 127 Wn.2d 124, 131, 896 P.2d 1258 (1995) (internal quotations omitted). Substantive unconscionability involves those cases "where a clause or term in the contract is alleged to be one-sided or overly harsh." Id. (internal quotations omitted). Such unfairness must truly stand out; courts have used terms such as "shocking to the conscience," "monstrously harsh", and "exceedingly calloused" to describe a substantively unconscionable bargain. Id., (quoting Montgomery Ward & Co. v. Annuity Bd. of S. Baptist Convention, 16 Wn. App. 439, 444, 556 P.2d 552 (1976)).

The Gandaras do not identify what evidence would support a defense of either procedural or substantive unconscionability. Based on the record before us, such a defense is meritless. The settlement agreement is short, clear, and easy to read, and the Gandaras had the benefit of experienced counsel throughout its negotiation. Moreover, the settlement agreement cannot be said to be one-sided. Even after the

-6-

Edgewater property was sold, the Gandaras owed approximately $1.5 million to Commerce Bank. The settlement agreement reduced the Gandaras' obligations to $400,000 payable over five years. Although the Gandaras assert the need for additional discovery regarding the legal relationship between Commerce Bank and TCB, we fail to see the relevance of such evidence to the question of whether the settlement agreement was unconscionable.

Finally, the Gandaras assert that the settlement agreement is void as contrary to public policy. A contract violates public policy where it has a "tendency to evil," is against the public good, or is injurious to the public. Marshall v. Higginson, 62 Wn. App. 212, 216, 813 P.2d 1275 (1991) (citing Golberg v. Sanglier, 27 Wn. App. 179, 191, 616 P.2d 1239 (1980), rev'd on other grounds, 96 Wn.2d 874, 647 P.2d 489 (1982)). Other than citing the applicable law, the Gandaras have not articulated how the settlement agreement contravenes public policy, and we fail to see how it does so.

It is undisputed that the Gandaras breached the settlement agreement by defaulting on their payment obligations. The Gandaras raise no genuine issue of material fact as to any of their affirmative defenses. Nor do they show how a continuance of the summary judgment hearing for discovery purposes would result in evidence that would create a material fact and dispute. As such, the trial court did not abuse its discretion in denying a continuance and did not err in granting summary judgment in favor of Commerce Bank.[1]

---

[1] In light of our disposition, we need not address Commerce Bank's argument that the Gandaras' claims are barred by the doctrine of res judicata.

Commerce Bank requests attorney fees incurred in defending this appeal. The settlement agreement provided that the prevailing party in any enforcement action is entitled to attorney fees at trial or on appeal.[2] We may award reasonable attorney fees based on a contract between the parties. City of Seattle v. McCready, 131 Wn. 2d 266, 275, 931 P.2d 156 (1997). Accordingly, we grant Commerce Bank's request for fees, upon compliance with RAP 18.1(d).[3]

_Spearing, A.C.J._

WE CONCUR:

_Dwyer, J._        _Lau, J._

---

[2] The settlement agreement provided that:
[s]hould any complaint be filed or claim be made arising out of the breach of any of the provisions of this Agreement or for the purpose of enforcing any of its provisions, the prevailing party shall be entitled to recovery of its reasonable attorneys' fees from the other party, as determined by the trial court or any arbitrator. If any appeal is taken from the decision of the trial court or any arbitrator, the prevailing party also shall be entitled to recover its additional attorneys fees on appeal as determined by the appellate court.
CP at 47.

[3] Because Commerce Bank is awarded fees under the settlement agreement, we need not consider the claim they are entitled to fees under RAP 18.9 because the appeal is frivolous.