2015 MAR -9 AII: 3



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

MONTI DARNALL,

           Respondent,

v.

JEFF DALTON,

           Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)

No. 71444-9-I

DIVISION ONE

UNPUBLISHED

FILED: <u>March 9, 2015</u>

Cox, J. – Monti Darnall appeals the award of attorney fees, as discovery sanctions, to Jeff Dalton. The award was incorporated into the final judgment as a setoff against damages awarded to Darnall by a jury in this personal injury action. The trial court did not abuse its discretion either in awarding sanctions or incorporating that award as a setoff in the final judgment. We affirm.

The material facts are not in dispute. This personal injury action arises from an automobile accident. Darnall filed suit on March 5, 2010. The Case Schedule issued at that time set March 14, 2011 as the deadline for disclosure of possible primary witnesses and April 25, 2011 as the deadline for disclosure of possible additional witnesses. Both deadlines referenced KCLCR 26(b). The scheduled trial date was August 15, 2011 and the discovery cut-off was June 27, 2011.

Dalton propounded interrogatories to Darnell in May 2010. They required Darnall to identify any expert witnesses she expected to testify at trial together

with the subject matter on which the expert was expected to testify, the substance of the facts and opinions to which the expert would testify, and a summary of the grounds for each opinion. Darnall did not disclose any experts in her answers.

On April 25, 2011, Darnall first identified Dr. Gregory J. Norling as an expert witness who would testify at trial. She stated that Dr. Norling "is an expert witness and has agreed to examine [Darnall] and offer opinions relative to any and all aspects of [Darnall's] injuries, including diagnosis, prognosis, treatment and causation."[1] She further stated that Dr. Norling would examine Darnall in June.

On June 14, 2011, defense counsel e-mailed Darnall's counsel asking when Dr. Norling was available to be deposed. Counsel also asked if Darnall's counsel would agree to the deposition taking place after the discovery cut-off, June 27, 2011. Darnall's counsel agreed to the extension.

Dr. Norling examined Darnall on June 21. Darnall's counsel received Dr. Norling's examination report on July 7, 2011 and forwarded the report to defense counsel that same day.

The next day, Dalton moved to exclude the testimony of Dr. Norling at trial on the basis that this expert was not properly disclosed pursuant to CR 26 and KCLCR 26. The judge hearing this motion granted it.

After further motions not directly relevant to our analysis, the original scheduled trial date passed without this matter going to trial. Thereafter, Dalton

---

[1] Clerk's Papers at 22.

2

moved for summary judgment, arguing that Darnall could not establish causation. In her response, Darnall admitted that, without the ability to call Dr. Norling as a witness, she could not establish causation. She asked that the order excluding Dr. Norling be "revised," arguing that the ruling was "clear reversible error."

Both Dalton's motion for summary judgment and Darnall's "motion to reconsider" the exclusion of Dr. Norling were heard by a different judge than the one who originally excluded this witness from testifying at trial. It appears that this judge denied Dalton's motion for summary judgment. And she considered Darnall's motion under CR 60(b)(11).

This second judge ruled that Dr. Norling would be allowed to testify at the rescheduled trial. The judge further ruled that Darnall had violated CR 33 and the Order Setting Case Schedule. Thus, the judge concluded that Dalton was entitled, as a sanction, to an award of his attorney fees for making the motion to exclude and responding to Darnall's subsequent motions on this topic.

Thereafter, Dalton moved for attorney fees and costs. The judge granted this motion and assessed sanctions in the amount of $9,842.

The case proceeded to a jury trial in late 2013. The jury returned a verdict in favor of Darnall on her claim for personal injuries in the amount of $20,500.

Thereafter, a third judge incorporated the sanctions award of $9,842 as a setoff against the award of damages, entering a final judgment in the amount of $10,071.96.

Darnall appeals.

3

## SANCTIONS

Darnall argues that the trial court erred in awarding Dalton attorney fees for bringing "a meritless motion" and by entering judgment deducting the sanctions award from the jury's verdict. We disagree.

"Discovery sanctions are generally within the sound discretion of the trial court."[2] "However, the court may impose only the least severe sanction that will be adequate to serve its purpose in issuing a sanction."[3] Sanctions should be "proportional to the nature of the discovery violation and the surrounding circumstances" of the case.[4]

We review a trial court's discovery sanctions for abuse of discretion.[5]

Here, the court awarded attorney fees as sanctions in its order granting relief under CR 60(b)(11). This order granted relief in two ways. First, the court granted relief from the prior order by permitting the expert to testify at the rescheduled trial. Second, it awarded sanctions because of Darnall's violation of discovery rules.

As for the first ruling, Darnall does not argue that the ruling permitting Dr. Norling to testify at the rescheduled trial was erroneous. That would make no sense since this expert was crucial to her case.

---

[2] Teter v. Deck, 174 Wn.2d 207, 216, 274 P.3d 336 (2012).

[3] Id.

[4] Rivers v. Wash. State Conf. of Mason Contractors, 145 Wn.2d 674, 695, 41 P.3d 1175 (2002).

[5] Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp., 122 Wn.2d 299, 338, 858 P.2d 1054 (1993).

We need not delve into the propriety of the order excluding the witness before the originally scheduled trial date. Darnall has not been prejudiced by that order since her expert did testify at the rescheduled trial. Thus, Darnall is not an aggrieved party to that order for purposes of this appeal.

As for the second ruling, Darnall argues that the trial judge abused her discretion in awarding attorney fees as discovery sanctions. We disagree.

The trial court properly concluded that the disclosure of Dr. Norling was untimely. The Case Schedule set March 14, 2011 as the deadline for disclosure of possible primary witnesses and April 25, 2011 as the deadline for disclosure of possible additional witnesses. Both deadlines referenced KCLCR 26(b).

Darnall did not identify Dr. Norling, a primary expert witness, in the answers to interrogatories propounded in May 2010. Darnall failed to timely supplement those interrogatories, first providing information on April 25, 2011. The disclosure stated that Dr. Norling would examine Darnall in June. Thus, it did not provide Dr. Norling's opinions at that time. In sum, the court properly concluded that this did not comply with KCLCR 26(b) in substance and that this violated CR 33.

Based on these violations, sanctions were appropriate.

CR 37(a)(4) authorizes an award of attorney fees for successfully bringing a motion compelling discovery. It states:

> If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including [reasonable] attorney fees, unless the court finds that the opposition to the motion was substantially

justified or that other circumstances make an award of expenses unjust.[6]

This rule provides the basis for an award of attorney fees to Dalton based on Darnall's discovery violations. The attorney fees awarded were those "for making the motion to exclude [Dr. Norling] and responding to [Darnall's] subsequent motions on this topic."[7]

In sum, the second trial judge did not abuse her discretion.

Darnall argues that the second trial judge's award of attorney fees was "without basis in the Civil Rules" and should be reversed for failure to demonstrate prejudice. Because of the above discussion, we reject this argument.

Darnall argues that CR 37(a)(4) authorizes an award of fees for successfully bringing or successfully defending a discovery motion, but it does not authorize fees "for unsuccessfully moving to exclude a witness." But Dalton successfully brought a discovery motion. This argument is not persuasive.

Darnall argues that the second trial judge erred in awarding Dalton attorney fees "for bringing what [the second trial judge] herself found to be a meritless motion to exclude Dr. Norling." But the second trial judge did *not* find that Dalton's motion to exclude Dr. Norling was meritless. While the second trial judge did not agree with Dalton's suggested remedy to exclude Dr. Norling at

---

[6] CR 37(a)(4).

[7] Clerk's Papers at 279.

trial, she agreed with Dalton on the underlying merits—that Darnall violated discovery obligations and a sanction was appropriate.

Darnall argues that it is not "just" to sanction Darnall "for defending a patently meritless motion." But as just discussed, Dalton's motion was not meritless.

Finally, Darnall argues that the judge who entered judgment erred in incorporating the second trial judge's award of sanctions into the judgment. Because the second judge's ruling was not an abuse of discretion, this argument is without merit.

## ATTORNEY FEES ON APPEAL

Both parties argue that they are entitled to attorney fees. We reject both arguments.

RAP 18.1(a) provides for an award of attorney fees on appeal "[i]f applicable law grants to a party the right to recover reasonable attorney fees or expenses on review . . . ." "Washington courts traditionally follow the American rule in not awarding attorney fees as costs absent a contract, statute, or recognized equitable exception."[8]

Dalton argues that he "is entitled to his attorney's fees and costs for this appeal under RAP 18.1" And he argues that the June 12, 2012 order authorized him to recovery attorney fees based on responding to Darnall's motions and that "[t]he instant appeal falls into [that] category." But RAP 18.1 allows an award of

---

[8] City of Seattle v. McCready, 131 Wn.2d 266, 273-74, 931 P.2d 156 (1997).

7

attorney fees where authorized by "applicable law." Because Dalton cites no applicable law that would support such an award, we decline to award Dalton attorney fees on appeal.

Likewise, we decline to award Darnall attorney fees on appeal. In her reply brief, Darnall argues, "By rights, [Darnall] should receive her fees for defending a meritless motion." Darnall's request is nothing but a bald assertion. Moreover, Darnall failed to comply with the mandatory requirements of RAP 18.1 because this request was not made until her reply brief.[9]

We affirm the order on motion for reconsideration and the judgment.

_Cox, J._

WE CONCUR:

---

[9] RAP 18.1(b).